E-FILED
Monday, 22 January, 2018  12:48:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA S. HEADRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-2254 |
| | ) | |
| VICTOR CALLOWAY, | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Danville Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendant Calloway, the Warden at Danville Correctional Center, caused Plaintiff to be kept in segregation longer than Plaintiff's scheduled release from segregation. Plaintiff had apparently been placed in segregation as punishment for fighting with his cellmate, but Plaintiff's cellmate was allegedly released from segregation before Plaintiff.

Placement in a typical segregation cell for relatively short periods of time does not rise to a constitutional violation, even if that segregation seems unfair or arbitrary. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). For example, in Sandin, the U.S. Supreme Court found that 30 days of segregation is not the kind of "atypical and significant hardship . . . in relation to ordinary incidents of prison life" that might trigger procedural due process protections. In Marion v. Columbia Correctional Inst., 559 f3d 693 (7th Cir. 2009), the Seventh Circuit Court of Appeals observed that "relatively short periods of segregation" from 2 days to 90 days generally do not implicate a prisoner's liberty interest under the

Constitution.  Marion v. Columbia Correction Inst., 559 F.3d 693, 697 n. 2 (7th Cir. 2009)(listing cases)(remanding for determination of conditions in 240-day segregation).  In addition to duration, the conditions in segregation must be "significantly harsher than those in the normal prison environment" to implicate the constitution.  Id.

Plaintiff does not say how long he was kept in segregation.  He appears to mainly challenge the fact the he was kept in longer than the segregation sentence imposed on him.  A document attached denying Plaintiff's grievance appeal indicates that Plaintiff was held two days longer than scheduled.  (d/e 9, p. 3.)  An extra two days in segregation would be too minimal to arise to a constitutional violation.  However, Plaintiff does not say how many days total he was in segregation or describe the conditions and restrictions he experienced in segregation.  Plaintiff will be given an opportunity to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses Plaintiff's complaint for failure to state a federal claim.

2) Plaintiff may file an amended complaint by February 12, 2018. If Plaintiff does not file an amended complaint, or if the amended complaint still fails to state a federal claim. This action will be dismissed for failure to state a claim, and a strike will be assessed pursuant to 28 U.S.C. § 1915(g).

3) **Plaintiff's motion for the Court to appoint counsel is denied (5),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has. Plaintiff asserts that he has some college classes, but he does not set forth his job history or classes taken/certificates earned in prison.

ENTERED: 01/22/2018

FOR THE COURT:

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE